**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN GREENBERG, derivatively on behalf of LIFEMD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN SCHREIBER, JOHN STRAWN, JOSEPH V. DITROLIO, ROBERTO SIMON, JOAN LAROVERE, WILLIAM FEBBO, CALUM MACRAE, and MARC BENATHEN,<br><br>Defendants,<br><br>and<br><br>LIFEMD, INC.,<br><br>Nominal Defendant. | Case No. 1:25-cv-05075-OEM-JRC |

[*Caption continued on next page*]

| | |
|---|---|
| JAMES POULOS, derivatively on behalf of LIFEMD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN SCHREIBER, MARC BENATHEN, JOHN R. STRAWN, JR., JOSEPH V. DITROLIO, ROBERT SIMON, JOAN LAROVERE, WILLIAM FEBBO, and CALUM MACRAE,<br><br>Defendants,<br><br>and<br><br>LIFEMD, INC.,<br><br>Nominal Defendant. | Case No. 2:25-cv-05197-LGD |

[*Caption continued on next page*]

| | |
|---|---|
| JUNJI SHIBATA, derivatively on behalf of LIFEMD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN SCHREIBER, MARC BENATHEN, JOSEPH V. DITROLIO, WILLIAM FEBBO, JOAN LAROVERE, CALUM MACRAE, ROBERTO SIMON, and JOHN STRAWN,<br><br>Defendants,<br><br>and<br><br>LIFEMD, INC.,<br><br>Nominal Defendant. | Case No. 2:25-cv-05284-JMW |

**STIPULATION AND ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS, AND TEMPORARILY STAYING ACTION**

## I. CONSOLIDATION

WHEREAS, on September 10, 2025, plaintiff Jonathan Greenberg ("Plaintiff Greenberg") filed a shareholder derivative action on behalf of nominal defendant LifeMD, Inc. ("LifeMD" or the "Company") in this Court alleging causes of action for breach of fiduciary duties, gross mismanagement, waste of corporate assets, unjust enrichment, and violation of Sections 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Justin Schreiber ("Schreiber"), John Strawn, Joseph V. DiTrolio, Roberto Simon, Joan LaRovere, William Febbo, Calum MacRae, and Marc Benathen ("Benathen") (collectively, the "Individual Defendants" and, together with the Company, "Defendants"), captioned *Greenberg v. Schrieber et al*, Case No. 1:25-cv-05075-OEM-JRC (the "*Greenberg* Action");

WHEREAS, on September 16, 2025, plaintiff James Poulos ("Plaintiff Poulos") filed a shareholder derivative action on behalf of nominal defendant LifeMD in this Court alleging causes of action for breach of fiduciary duties, aiding and abetting breach of fiduciary duties, unjust enrichment, and waste of corporate assets against the Individual Defendants, and against Defendants Schreiber and Benathen for contribution under Section 10(b) and 21D of the Exchange Act, captioned *Poulos v. Schreiber et al*, Case No. 2:25-cv-05197-LGD (the "*Poulos* Action");

WHEREAS, on September 19, 2025, plaintiff Junji Shibata ("Plaintiff Shibata") (together with Plaintiffs Greenberg and Poulos, "Plaintiffs")[1] filed a shareholder derivative action on behalf of nominal defendant LifeMD in this Court alleging causes of action for breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and violations of Section 14(a) of the Exchange Act against the Individual Defendants, and against

[1] Plaintiffs and Defendants, taken together, are referred to herein as the "Parties."

Defendants Schreiber and Benathen for contribution under Sections 10(b) and 21D of the Exchange Act, captioned *Shibata v. Schreiber et al*, Case No. 2:25-cv-05284-JMW (the "*Shibata* Action," and together with the *Greenberg* and *Poulos* Actions, the "Related Actions");

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Parties agree that the Related Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Actions;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's and the Parties' resources, the Parties agree that the Related Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action under Lead Case No. 1:25-cv-05075-OEM-JRC, (hereinafter referred to as the "Consolidated Action");

WHEREAS, the Parties therefore respectfully submit that the Related Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a);

## II. APPOINTMENT OF CO-LEAD COUNSEL

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Actions, Plaintiffs agree that Rowley Law PLLC, Rigrodsky Law, P.A., and The Brown Law Firm, P.C., the resumes of which are attached hereto as Exhibits A, B, and C, respectively, shall be designated as Co-Lead Counsel for Plaintiffs in the Consolidated Action;

WHEREAS, Defendants take no position regarding the appointment of co-lead counsel for Plaintiffs;

## III. STAY OF PROCEEDINGS

WHEREAS, on August 27, 2025, a lawsuit alleging violations of the federal securities laws was filed against Defendants LifeMD, Schreiber, and Benathen in the United States District Court for the Eastern District of New York, captioned *Johnston v. LifeMD, Inc.*, 2:25-cv-04761, and subsequently transferred to the United States District Court for Southern District of New York and assigned the caption *Johnston v. LifeMD, Inc.*, 1:25-cv-09153-NRB (the "*Johnston* Action");

WHEREAS, the *Johnston* Action and the Related Actions have overlapping alleged facts and circumstances, and the developments in the *Johnston* Action could have implications for the efficient prosecution of the Related Actions;

WHEREAS, the Parties have conferred and agree that, in light of the above, efforts should be made to work cooperatively in order to conserve the Court's and the Parties' resources and promote just and efficient case management; and

WHEREAS, the Parties agree that a temporary stay of the Consolidated Action, under the below-described conditions, will help further those efforts;

## IV. TERMS OF STIPULATION

IT IS HEREBY STIPULATED AND AGREED among the Parties, and respectfully submitted for the Court's approval, to consolidate the Related Actions, appoint Co-Lead Counsel for Plaintiffs in the Consolidated Action, and temporarily stay the Consolidated Action, pursuant to the following terms:

1. To the extent they have not already been served, Defendants hereby accept service of the complaints in the Related Actions.

2. The Related Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Lead Case No. 1:25-cv-05075-OEM-JRC:

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Greenberg v. Schreiber et al* | 1:25-cv-05075-OEM-JRC | September 10, 2025 |
| *Poulos v. Schreiber et al* | 2:25-cv-05197-LGD | September 16, 2025 |
| *Shibata v. Schreiber et al* | 2:25-cv-05284-JMW | September 19, 2025 |

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LIFEMD, INC. DERIVATIVE LITIGATION | Lead Case No. 1:25-cv-05075-OEM-JRC |
| | (Consolidated) |
| This Document Relates to: ALL ACTIONS | |

4. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 1:25-cv-05075-OEM-JRC.

5. Co-Lead Counsel for plaintiffs in the Consolidated Action shall be:

**ROWLEY LAW PLLC**
Shane T. Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Telephone: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
Gina M. Serra
825 East Gate Blvd., Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516

Facsimile: (302) 654-7530
Email: tjm@rl-legal.com
Email: gms@rl-legal.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. Counsel for all of the Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

9. This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re LifeMD, Inc. Derivative Litigation*, Lead Case No. 1:25-cv-05075-OEM-JRC, is hereafter filed in the Court, removed to this Court, reassigned to the Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that

might properly be consolidated as part of *In re LifeMD, Inc. Derivative Litigation*, Lead Case No. 1:25-cv-05075-OEM-JRC, and counsel to the Parties are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to all later shareholder derivative actions involving LifeMD filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court, and such shareholder derivative actions shall be consolidated into the Consolidated Action.

10. All papers and documents previously filed and/or served in the Related Actions shall be deemed a part of the record in the Consolidated Action.

11. All proceedings in the Consolidated Action, including but not limited to Defendants' obligation to answer, move, or otherwise respond to the complaints in the Related Actions, are temporarily stayed, subject to the conditions discussed herein.

12. The Consolidated Derivative Action, including all deadlines and conferences, shall be stayed until the earlier of either of the following events: (i) the *Johnston* Action is dismissed in its entirety with prejudice, and any and all appeals related thereto have been exhausted; or (ii) any defendant in the *Johnston* Action files an answer in that case.

13. While the Consolidated Derivative Action is stayed, the Company shall promptly notify Plaintiffs, through their undersigned counsel, of any derivative lawsuits or threatened derivative lawsuits (including litigation demands and demands made pursuant to *8 Del. C.* §220 ("Section 220 Demand")) based on the same or similar sets of facts as those alleged in the Related Actions ("Related Derivative Actions").

14. Defendants shall promptly notify Plaintiffs if any Related Derivative Action is not stayed for a similar or longer duration than this stay.

15. Plaintiffs or Defendants may lift this stay at any time providing fourteen (14) business days' written notice to all counsel of record via email that they no longer consent to the voluntary stay of the Consolidated Action. Any Party's decision to lift the stay does not preclude another Party from moving for reinstatement of the stay and shall not create a presumption that reinstatement of the stay is inappropriate, except that Defendants may not move to stay the Consolidated Action on the grounds that another derivative action should proceed beforehand.

16. While the Consolidated Derivative Action is stayed, Defendants shall provide Plaintiffs with reasonable advance notice of, and shall invite Plaintiffs to participate in, any mediation with plaintiff(s) in any Related Derivative Action. Additionally, during the pendency of the stay, in the event that a mediation is held in an effort to settle the Securities Class Action, counsel for Defendants shall provide Plaintiffs with reasonable advance notice of said mediation and shall include Plaintiffs in such mediation.

17. While the Consolidated Action is stayed, Defendants shall promptly produce to Plaintiffs any documents produced, written discovery, and deposition transcripts in the Securities Class Action and in any Related Derivative Action, including subject to a Section 220 Demand, subject to a reasonable and mutually-agreed confidentiality agreement or protective order that permits Plaintiffs to use the discovery in the Consolidated Action.

18. Notwithstanding the stay of the Consolidated Action, Plaintiffs may file an amended consolidated complaint, though no Defendant shall be obligated to respond to it during the pendency of the stay.

19. Within fourteen (14) days of the termination of the stay, the Parties will meet and confer regarding a proposed schedule for proceedings in the Consolidated Action, including the deadlines for Plaintiffs to file a consolidated amended complaint and for Defendants to answer,

move, or otherwise respond, and an initial pretrial conference, and submit the proposal to the court promptly thereafter.

20. This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Actions or Consolidated Action.

**IT IS SO STIPULATED.**

[signatures on following page]

Respectfully submitted,

DATED: December 9, 2025

**ROWLEY LAW PLLC**
*/s/ Shane T. Rowley*________
Shane T. Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Telephone: (914) 400-1920
Facsimile: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Counsel for Plaintiff Jonathan Greenberg and [Proposed] Co-Lead Counsel for Plaintiffs*

**RIGRODSKY LAW, P.A.**
*/s/ Timothy J. MacFall*________
Timothy J. MacFall
Gina M. Serra
825 East Gate Blvd., Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
Email: tjm@rl-legal.com
Email: gms@rl-legal.com

*Counsel for Plaintiff James Poulos and [Proposed] Co-Lead Counsel for Plaintiffs*

**THE BROWN LAW FIRM, P.C.**
*/s/ Timothy Brown*
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Counsel for Plaintiff Junji Shibata and [Proposed] Co-Lead Counsel for Plaintiff*

**WILMER CUTLER PICKERING HALE**

**and DORR LLP**
*/s/ Michael G. Bongiorno*
Michael G. Bongiorno
Tamar Kaplan-Marans
7 World Trade Center
250 Greenwich Street
New York, NY, 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: michael.bongiorno@wilmerhale.com
Email: tamar.kaplan-marans@wilmerhale.com

*Attorneys for Defendants*

* * *

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 12/11/2025

S/ James R. Cho
The Hon. James R. Cho
United States Magistrate Judge